UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

ARAFAN SESAWO,

Petitioner,

v.

UNKNOWN PARTY et al.,

Respondents.

Case No. 1:26-cv-2701

Honorable Robert J. Jonker

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center in Baldwin, Lake County, Michigan, initiated this action by filing a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] (Pet., ECF No. 1). For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

**Discussion**

**I. Procedural History**

In Petitioner's § 2241 petition, he challenges the lawfulness of his current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner or provide an individualized bond hearing. (Pet., ECF No. 1, PageID.5.) In an order entered on October 1, 2026, the Court directed Respondents to show cause

[1] In the § 2241 petition, Petitioner also moves the Court seeking expedited review of the case and a temporary restraining order requesting immediate release. (Pet., ECF No. 1, PageID.3–4.) As set forth in this opinion, the Court will deny Petitioner's § 2241 petition and the entry of the Court's opinion and corresponding judgment moots Petitioner's pending motions.

why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 4.) Respondents filed their response on October 15, 2026, (ECF No. 7.)

## II. Relevant Factual Background

Petitioner is a native and citizen of The Gambia. (Pet., ECF No. 1, PageID.2.) On or about August 4, 2023, Petitioner entered the United States without inspection. (Cook Decl. ¶ 4, ECF No. 7-1, PageID.31.) Thereafter, Petitioner was arrested by United States Customs and Border Patrol agents and issued a Form-I-860 Notice and Order of Expedited Removal. (*Id.* ¶ 5.) Petitioner claimed fear of returning to The Gambia and "was processed for a credible fear interview." (*Id.*) On August 29, 2023, Petitioner was released on his own recognizance. (*Id.*) On August 30, 2023, ICE Enforcement and Removal Operations (ERO) issued Petitioner a Form I-862 Notice to Appear and instructed Petitioner to report to the Detroit ICE ERO office to enroll in the Alternatives to Detention (ATD) program. (*Id.* ¶ 6, PageID.32.) On January 12, 2024, Petitioner enrolled in the ATD program. (*Id.* ¶ 7.)

On December 4, 2025, Petitioner reported to the Detroit ICE ERO office for a check-in appointment. (Pet., ECF No. 1, PageID.2.) Petitioner was terminated from the ATD program and detained. (*Id*; Cook Decl. ¶ 8, ECF No. 7-1, PageID.32)

On March 18, 2026, an Immigration Judge ordered Petitioner removed to The Gambia. (Cook Decl. ¶ 10, ECF No. 7-1, PageID.32.) Petitioner waived his right to appeal, and thus the removal order became administratively final. (*Id.*) *See also* Automated Case Information, https://acis.eoir.justice.gov/en/ (enter 241-413-202 for the A-Number, select "Gambia" for the Nationality, and select Submit) (last visited Oct. 21, 2026) (indicating that no appeal was received for this case). On April 10, 2026, ICE ERO sent a travel document request to the consulate of The Gambia. (Cook Decl. ¶ 11, ECF No. 7-1, PageID.32.) "On August 27, 2026, [Petitioner] completed an identification interview with the consulate of The Gambia." (*Id.* ¶ 15, PageID.33.) On

September 17, 2026, The Gambia issued an emergency travel document for Petitioner that is valid until March 17, 2027. (*Id.* ¶ 17.) ICE ERO declarant Cook states that Petitioner "has not been scheduled for removal but removal is projected to occur within the next thirty days." (*Id.* ¶ 18.)

## III. Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## IV. Merits Discussion

The parties agree that Petitioner is subject to a final order of removal. (*See* Pet., ECF No. 1, PageID.2; Resp., ECF No. 7, PageID.21.) As a result, Petitioner's present detention is governed by 8 U.S.C. § 1231.

Section 1231 provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). "During the removal period, the Attorney General shall detain the alien." *Id.* § 1231(a)(2)(A). 8 U.S.C. § 1231(a)(6) further provides:

> An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6).

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court held that after expiration of the 90-day removal period, the Government may continue to detain the noncitizen for a "presumptively reasonable period" of time, which the Supreme Court recognized as six months. *See Id.* at 701. Following that six-month period, "once [a noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*

Here, the evidence before the Court indicates that Petitioner's removal to The Gambia is reasonably foreseeable. Petitioner asserts that his detention is unlawful under *Zadvydas* and violates the Fifth Amendment's Due Process Clause because Petitioner does not have a Gambian passport or effective travel documentation, and the length of his detention indicates that removal is not reasonably foreseeable. (Pet., ECF No. 1, PageID.3.) Respondents counter Petitioner's arguments by stating that Petitioner's detention remains lawful because The Gambia issued an emergency travel document for Petitioner on September 17, 2026, that is valid until March 17, 2027. (Resp., ECF No. 7, PageID.26; Cook Decl. ¶ 17, ECF No. 7-1, PageID.33.) Respondents provide the declaration of ICE ERO officer Cook which states that Petitioner "has not been scheduled for removal but removal is projected to occur within the next thirty days." (*Id.* ¶ 18.) Therefore, based on the information presently before the Court, the Court will deny Petitioner's § 2241 petition without prejudice because it appears that there is a significant likelihood of removal in the reasonably foreseeable future.[2]

[2] If ICE ERO's efforts to remove Petitioner ultimately stall or fail, Petitioner remains free to file a new § 2241 petition asserting that continued detention is no longer reasonable.

**Conclusion**

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: October 23, 2026

/s/ Robert J. Jonker
Robert J. Jonker
United States District Judge